Collette Stark
2175 Cowley Way
San Diego, CA 92110
(619) 347-0726

Plaintiff In *Pro Per*

**FILED**

Jan 15 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ soniad        DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Collette Stark, an individual,

   Plaintiff,

  vs.

YM Ventures, LLC, a Florida limited

liability company;

Yaakov D. Marder, an individual,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. **'21CV0090 AJB  RBB**

**COMPLAINT**

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]
2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]
3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)]
4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]
5. VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT [PC §632.7]

**JURY TRIAL REQUESTED**

21-CV

Plaintiff Collette Stark ("Plaintiff"), an individual, hereby files her Complaint and alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.      Defendant Yaakov D. Marder (herein "Marder") is the owner of YM Ventures, LLC, a Florida limited liability company and he is the sole shareholder, sole member, sole director and sole officer of said LLC.  Defendant Marder is the owner, administrator and user of www.ymventures.net.

2.      Defendant Marder ordered, commanded and directed his employee, Steve Rubin, at YM Ventures, LLC to call Plaintiff Collette Stark at her DNC protected cellular phone 619-347-0726, three times on January 13, 2021.  Plaintiff alleges that there were other calls prior to these calls because Defendants already had Plaintiff's name, business name and email address in their files and because the caller stated that they had spoken before.  Discovery will force Defendants to hand over the details on those prior calls.

3.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant YM Ventures, LLC, Defendant YAAKOV D. MARDER, an individual ("MARDER"), John Doe, an unknown individual ("Doe"), and ABC, Inc, an unknown corporation ("ABC, Inc"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's

cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  The allegations herein are not plead inconsistently, but rather in the alternative.  No Plaintiff in the history of the United States has ever had to plead exacting details in a TCPA complaint.  The TCPA does not require such detail.  Further, Defendants violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing call it made to Plaintiff without disclosing that such call was being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.

4.      The Honorable Chief Judge Dana Sabraw wrote, on 12/21/2020, that "pleadings are of limited importance in federal practice…" citing *RDF Media Ltd. V. Fox Broadcasting Co.*, 375 F.Supp.2d 556, 566 (C.D. Cal. 2005).

5.      Defendant YAAKOV D. MARDER is a person and has purposefully directed his activities into California in a knowing and intentional manner.

6.      YAAKOV D. MARDER is also the alter ego of Defendant Doe and Defendant YM Ventures, LLC.  Moreover, Yaakov D. Marder is vicariously liable under federal common law for the acts of YM Ventures, LLC that violate the TCPA.

7.      The Defendants use the following web page to run their telemarketing scam: www.ymventures.net.

8.     Defendant YM Ventures, LLC also used the following phone numbers to run Marder's scam:  347-302-7055 and 716-217-9928.  The web pages and the domain ownership are masked.

9.     YM Ventures, LLC is also known as YM Ventures and is located at 21 West End Ave #1710 New York, NY 10023.

10.    Defendants have violated California Business & Professions Code §17593 and §17591 by sending text messages to Plaintiff without prior written consent and without a pre-existing business relationship.  Plaintiff seeks an injunction pursuant to said code sections to prohibit Defendants from violating the do not call provision of the FTC.  See Section 310.4(b)(1)(iii)(B) of Title 16 of the Code of Federal Regulations.

## II.  JURISDICTION & VENUE

11.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

12.    The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims.  At present, the state law claims are grounded in CIPA violations.

Plaintiff has also now formally put Defendant on notice of Cal. Civ. Code § 1798.150 and will seek leave to amend the causes of action after the 30 day grace period.

13.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

14.     This Court has personal jurisdiction over YM Ventures, LLC, YAAKOV D. MARDER and ABC, Inc as well as John Doe because a substantial part of the wrongful acts alleged in this Complaint were committed in California.  For example, YAAKOV D. MARDER, through its subsidiary ABC, Inc, made illegal telemarketing robocalls to Ms. Stark, with area code 619, while she was in California.   YAAKOV D. MARDER, ABC, Inc and Doe have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.

15.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

16.     Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

## III. PARTIES

17.     Plaintiff, Collette Stark ("Plaintiff"), is an individual and resident in California.

18.     Defendant YAAKOV D. MARDER is a merchant cash advance lender, and is a "person" as defined by 47 U.S.C. § 153 (39).

19.     Defendant YM Ventures, LLC is a loan brokering company, and is a "person" as defined by 47 U.S.C. § 153 (39).

20.     Defendant John Doe is an individual, and is a "person" as defined by 47 U.S.C. § 153 (39).

21.     The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  Each has blurred the lines of owner and legal separateness to be now considered as one unit.  Further, these said above named defendants, and each of them, have conspired and planned with each other to violate the TCPA and CIPA.  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

22.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Each Defendant controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that each Defendant required its agent to record each telemarketing call, including the calls listed below that were made to Plaintiff.

## VI. FACTUAL ALLEGATIONS

23.    Plaintiff has received a confirming email from Defendant YM Ventures

**From:** YM Ventures via DocuSign <dse_NA3@docusign.net>
**Subject: Please Docusign - SBA Application & Agreement**
**Date:** January 13, 2021 at 2:28:46 PM PST
**To:** Anthoney Stark <videosolutions@me.com>
**Reply-To:** YM Ventures <admin@ymventures.net>





**REVIEW DOCUMENTS**

**YM Ventures**
admin@ymventures.net

Steve Rubin

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
84A6C5861EF247D1BA67102072415CCA3

24.    On January 13, 2021, Defendant YM Ventures, LLC, contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -0726, in an attempt to solicit Plaintiff to engage Defendant's loan services.   Donna was the name the person on the phone gave as her personal name.   Defendant used a pre-recorded message at the beginning of the call which directly violated Civil Code §1770(a)(22)(A). Plaintiff gives notice of and reserves the right to amend this complaint as soon as

21-CV

discovery proves that Defendant has also violated Civil Code §1770(a)(22)(A).

25.    Defendant MARDER used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone.

26.    Each named Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5) and PC §§632.7 and 637.2.

27.    YAAKOV D. MARDER is an officer of Defendant YM Ventures, LLC, and ABC, Inc.

28.    YAAKOV D. MARDER is an owner of Defendant YM Ventures, LLC and ABC, Inc.

29.    Defendant has failed to obtain a bond as required of all telephone sales organizations in California.

30.    YM Ventures, LLC has been sued for TCPA violations in the past.

31.    YAAKOV D. MARDER is illegally doing business in California.

32.    YM Ventures, LLC has failed to register as a telemarketer in California with the California Department of Justice.

33.    Defendant YM Ventures, LLC has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

34.    YAAKOV D. MARDER exerts control over their third party telemarketing lead source.

35.    YAAKOV D. MARDER began harassing Plaintiff on or about September 1,

2020 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again.

36.     Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

37.     Defendant YM Ventures, LLC also called Plaintiff from the 347 number on January 13, 2021 at or around 10:45 AM.  Plaintiff did not consent to, nor give permission for, the subsequent call made by Defendants to Plaintiff.

38.     Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).  The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant YAAKOV D. MARDER

39.     Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

40.     The Honorable District Judge Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

21-CV

41.   Judge Kenney was referring to the TCPA when he made this above statement on the record.

42.   Defendant directly called Plaintiff on her DNC registered cell phone in violation of the TCPA.

43.   Defendants and their agents made the following illegal calls to Plaintiff on her cell phone ending in -0726:

44.   The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant YAAKOV D. MARDER.

45.   YAAKOV D. MARDER, YM Ventures, LLC, ABC, Inc and Doe have been illegally calling Ms. Stark, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Ms. Stark brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage YAAKOV D. MARDER, to change their ways.   Plaintiff is suing YAAKOV D. MARDER, ABC, Inc and Doe for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed called to Plaintiff cell phone.

46.   Marder instructed his employee-agent to make the calls complained of herein which satisfies the requisite control to warrant vicarious and respondeate superior liability for Marder.

47. Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

48. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

49. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A). At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

50. Further, Plaintiff's cellular telephone number ending in -0726 was added to the National Do-Not-Call Registry on or about February 13, 2007.

51. Defendants placed multiple calls soliciting its business to Plaintiff on her cellular telephone ending in -0726 in or around September 2016 and continuing through January 12, 2021.

52. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

53. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

54. Defendants continued to call Plaintiff on its telephone number -0726 in an

attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

55.    Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

56.    Plaintiff was harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff via her telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

57.    Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

58.    Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

59.    Donna, on behalf of YM Ventures, LLC, ABC, Inc and YAAKOV D.

PLAINTIFF STARK'S  INITIAL COMPLAINT- 13

MARDER, admitted on the last call that all calls that she made to Stark were recorded and that he could send Stark a copy of those recorded calls, none of which had any disclosure or warning of the fact of recording.

60.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

61.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

62.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

## V. STANDING

63.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

(7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

64.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

A valid injury in fact;

which is traceable to the conduct of Defendants;

and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

65.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on her cellular phone at least seventeen times by Defendants.  In fact, Plaintiff expressly informed Defendants to cease and desist from all future telemarketing on the very first call.

21-CV

Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by YAAKOV D. MARDER   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendants and Plaintiff's attempt to avoid the damage by registering her number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

66.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to

Plaintiff's cellular phone and home phone (land line) were placed either by Defendants directly, or by Defendant's agent at the express direction and control of Defendants.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

67.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

68.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and

'actual or imminent, not conjectural or hypothetical.'" *Spokeo.* at 1548 (quoting

*Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite

distinct from particularization. *Id.* An injury is "particularized" if it affects "the

plaintiff in a personal and individual way." *Id.* In addition, for an injury to be

"concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id.*

However, an injury need not be "tangible" in order to be "concrete," and intangible

injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an

intangible harm constitutes injury in fact, *Spokeo* provided two factors to be

considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1)

whether the statutory violation bears a 'close relationship to a harm that has

traditionally been regarded as providing a basis for a lawsuit in English or

American courts,' and (2) congressional judgment in establishing the statutory

right, including whether the statutory right is substantive or procedural." *Matera v.*

*Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016).

*Spokeo* also held that "the violation of a procedural right granted by statute can be

sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at

1549. In such a case, a plaintiff "need not allege any additional harm beyond the

one [the legislature] has identified." *Id.*

69.     Here, Plaintiff alleges that Defendant YAAKOV D. MARDER and

Defendant ABC, Inc contacted her using a "telephone dialing system." This is

insufficient standing alone, but as in *Marderrkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements:  they advertise Defendant YAAKOV D. MARDER's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that she has never heard of Defendant YAAKOV D. MARDER, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided her cellular telephone number to said Defendant or consented to receive calls from Defendant.  Plaintiff also has had no prior business relationship with Defendant.  Plaintiff had no reason to be in contact with Defendant YAAKOV D. MARDER nor has she ever purchased any kind of product or service that they are selling.  Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages illegally and in direct violation of the TCPA.

70.     In Plaintiff's case, the allegations establish that she did not give prior express consent.  She declared that she was "the regular user and subscriber to the cellular telephone number at issue."  She also declared that she has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]."  As in *Marderrkchyan*, these allegations are sufficient to support

Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

71.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

72.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

73.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

74.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

75.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

76.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

77.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

78.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

79.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

80.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

81.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

82.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

83.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

84.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

85.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and  every violation, pursuant to 47 U.S.C. §227(c)(5).

86.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

87.    Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-70.

88.   The foregoing acts and omission of Defendants constitute numerous and multiple knowing and/or willful violations of CPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

89.   As a result of Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants owe Plaintiff $5,000 per call.

90.   Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit Defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, joint and severally, for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act PC §632.7 and PC §637.2

- $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the call.
- Defendant's willful, knowing and intentional recording of Plaintiff on

Plaintiff's cellular phone using the wires of the United States devoid of consent and disclosure.

- For Defendant's violation of California Penal Code §632, et seq.
- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 14th day of January, 2021.

/S/ Collette Stark
Collette Stark, Plaintiff

21-CV

# Exhibit A

DocuSign Envelope ID: B7F420C9-DC75-44FD-BAB7-21F0AC63A4D6

YM Ventures
New York, NY 10023
www.YMVentures.net

# Loan Application

☐ If you are applying for individual credit in your name and are relying on your own income or assets and not the income of assets of another person as the basis for repayment complete Owner Information (1) and omit Owner Information (2).

☐ If this is an application for joint credit with another person, complete Owner Information (1) and (2).

**Date:**

**Intended Use of Funds:**

## Company Information

| Legal Company Name: | | Legal Entity: | Do you have an outstanding merchant cash advance? |
|---|---|---|---|
| State of Incorporation: | | ○ Corporation   ○ LLC | ☐ YES - its $ _____ |
| Federal Tax ID: | | ○ General Partnership   ○ LLP | ☐ NO |
| | | ◉ Other | |
| Physical Address (no PO Boxes) | | Company Type / Industry: | |
| City:   State:   Zip Code: | | # of Employees | |
| Company Phone: | | | |
| Business Inception Date: | | | |
| Does your business have a separate business bank account? | ☒ YES   ☐ NO | Have you filed 2019 Tax Return? | ☐ YES   ☒ NO |

## Estimated Flow Overview

| Did You Apply for EIDL or PPP? | 2019 Gross Revenue | 2019 Cost of Goods Sold | Loan Amount Requested |
|---|---|---|---|
| | | | |

## Owner Information (1)

| First name: | Last Name: |
|---|---|
| Email: | |
| Driver License #: | |
| Cell phone: | |
| SS Number: | |
| Date of birth: | |
| Annual income: | |
| Home address (no PO Boxes): | |
| City: | State: |
| Zip Code: | Business ownership %: |

## Owner Information (2)

| First name: | Last Name: |
|---|---|
| Email: | |
| Home Phone: | |
| Cell phone: | |
| SS Number: | |
| Date of birth: | |
| Annual income: | |
| Home address (no PO Boxes): | |
| City: | State: |
| Zip Code: | Business ownership %: |

By signing & faxing or emailing us your application, you certify that (i) you are authorized to apply on behalf of the company whose full legal name appears above under the Company Information portion of the Loan Application for a business loan from YM Ventures LLC and (ii) all information you provide within the Loan Application and other supporting documents is true and complete and that you will notify us of material changes to such information. You understand & agree that YM Ventures LLC and our partners are authorized to contact 3rd parties to make inquiries in evaluating your Loan Application (including requesting business & personal credit bureau reports from credit reporting agencies and other sources) or for any update, renewal, extension of credit bureau name and address. You understand and agree that we may provide credit & other information from the Loan Application and on the signing individual(s) & the company with 3rd parties who may use the information any lawful purpose, including for the purpose of offering credit and/or other products & services, to the signing individual(s) and/or the company.

**Signature (1):**

**Signature (2):**

DocuSign Envelope ID: B7F420C9-DC76-44ED-BAB7-21F0AC63A4D6

Hi,

To whom this may concern,

I hereby authorize Mr. Jake Marder with YM Ventures LLC to be the authorized representative on my account and to act as my preparer to discuss my EIDL loan application with the SBA and to assist on my behalf to get the loan application approved.
I authorize the SBA to relay and release any and all information pertaining to my EIDL Loan application with Mr. Marder.

My contact information is below, if this request needs to be confirmed.

Thank you,

Name _____Anthoney Stark_____

Business Name _____

EIDL Application # _____

Phone Number _____

Email Address _____videosolutions@me.com_____

Signed _____

Date _____

DocuSign Envelope ID: B7F420C9-DC7544ED-BAB7-21F0AC63A4D6

## AGREEMENT

The undersigned agree as follows:

1. <u>Retention</u>. Client hereby retains YM Ventures to assist Client in applying for a loan and to act as their preparer.

2. <u>Preparation fee</u> - Client shall pay YM Ventures 5% (five percent) of the net proceeds of the loan, due after the funds have been deposited in the clients account. This fee will be deducted via ACH from Clients bank account of record after the funds have been deposited in the clients account.

3. <u>Out of Pocket Costs</u>. The Client acknowledges and agrees that YM Ventures LLC shall have no obligation to incur any expenses on behalf of the Client.

4. <u>Authority</u>. The person signing this agreement on behalf of Client certifies that he has the authority as a principal, or as an authorized agent of the Client, to sign this Agreement and that this Agreement constitutes the legally binding obligation of the Client. YM Ventures LLC shall also have the authority to communicate with any lender on behalf of the client, including phone calls and emails and any other communication. YM Ventures LLC shall also have the authority to prepare and fill out an application with the lender or SBA and apply for credit on behalf of the client and also receive phone and email communication from the lender about clients application.

5. <u>Acknowledgment</u>. Client acknowledges that it is responsible for ensuring that all information provided to any prospective lender is true and correct. Client acknowledges that YM Ventures LLC makes no representations or warranties whether Client will be eligible for any loan or to have any portion of such loan, if approved, forgiven. YM Ventures LLC assumes no responsibility for repayment of the loan or accuracy of the information provided by the client.

6. <u>Miscellaneous</u>. This Agreement constitutes the entire agreement between the parties here to, and supersedes any prior oral or written agreements or understanding. Any modification or amendment to this Agreement must be in writing and signed by both parties. Any fees charged by YM Ventures LLC may be subject to change based on current lender guidelines or if the scope of preparation work exceeds a reasonable amount of time and effort. Client does not need to use the services of YM Ventures LLC to apply for this loan and is retaining their services at will.

YM Ventures LLC

_____
Print Name of Client ("Client")

By: _____

Anthoney Stark

Name:
_____

Title:
Print Name and Title of Person Signing on behalf of
Client

_____
Signature

_____
Date

2019 Tax Return    Voided Check          recent bank statements

DocuSign Envelope ID: B7F420C9-DC75-44ED-BAB7-21E0AC63A4D6

# ACH Authorization Form

All information on this form is required unless otherwise noted.

## Business Authorized to Debit/Credit Account:

YM Ventures LLC

Authorized Business Name | Authorized Business Phone Number

Authorized Business Address | City | ST | Zip

## Account Holder Information:

Account Holder Name | Account Holder DBA Name (If Business Account) | Account Holder Phone

Account Holder Address | City | ST | Zip

## Account Holder's Bank Information:

Account Holder's Bank Name | Branch City | ST | Zip

How to find your Routing and Account Numbers on a check:

⑈ 123456789 ⑈ 1234567890 123 ⑈
Bank Routing Code    Bank Account Number

☑ Business Checking
☐ Personal Checking
☐ Savings

Bank Routing Number (9 digits) | Bank Account Number

## Transaction Information:

Consulting Fee

Goods Purchased/Services Rendered

5% of Funded Amount
$

Amount of Transaction | Effective Date

☑ One-time    ☐ Recurring
Rate
No. of Transactions 1    or Open Ended ☐

## Authorization:

In exchange for products and/or services listed above the undersigned hereby authorizes:

YM Ventures LLC

to electronically draft via the Automated Clearing House system the amounts indicated above from the account identified above.  This authority will continue until withdrawn in writing by the undersigned account holder.  The Undersigned hereby certifies that they are duly authorized to execute this form on behalf of the above listed account holder.  I acknowledge that I am subject to a $25 reject fee if items are returned for insufficient funds.

Anthoney Stark

Signature of Account Holder | Name/Title of Account Holder | Date

ACH Processing Provided By



The First Choice In ACH Business Solutions.

www.firstach.com

Better payments.



## Certificate Of Completion

Envelope Id: B7F420C9DC7544EDBAB721F0AC63A4D6  
Subject: Please Docusign - SBA Application & Agreement  
Source Envelope:  
Document Pages: 4  
Certificate Pages: 1  
AutoNav: Enabled  
EnvelopeId Stamping: Enabled  
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: 0  
Initials: 0

Status: Delivered

Envelope Originator:  
YM Ventures  
21 West End Ave  
#1710  
New York, NY  10023  
admin@ymventures.net  
IP Address: 18.233.93.108

## Record Tracking

Status: Original  
    1/13/2021 2:28:45 PM

Holder: YM Ventures  
    admin@ymventures.net

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Anthoney Stark | | Sent: 1/13/2021 2:28:47 PM |
| videosolutions@me.com | | Viewed: 1/13/2021 2:29:51 PM |
| Security Level: Email, Account Authentication (None) | | |
| Electronic Record and Signature Disclosure: | | |
|    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/13/2021 2:28:47 PM |
| Certified Delivered | Security Checked | 1/13/2021 2:29:51 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

# Exhibit B

 **My BBB**

# Better Business Bureau®

Home > New York > New York > Factoring Service > YM Ventures LLC           Share           Print

**«** **Business Profile**

## Business Profile



# YM Ventures LLC

21 W End Ave Apt 1710
New York, NY 10023-7971

http://www.ymventures.net

(305) 522-5849

## Contact Information

21 W End Ave Apt 1710
New York, NY 10023-7971

http://www.ymventures.net

(305) 522-5849

### Want a quote from this business?

**Get a Quote**

This website uses cookies to analyze traffic, assist with navigation, and improve your experience. You can learn more about our cookies in our Privacy Policy.

# Exhibit C

**2020 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L14000174893

**FILED**

**Mar 19, 2020**

**Secretary of State**
**9584086757CC**

**Entity Name:** YM VENTURES LLC

**Current Principal Place of Business:**

600 NE 36TH ST
1717
MIAMI, FL 33137

**Current Mailing Address:**

600 NE 36TH ST
1717
MIAMI, FL 33137 US

**FEI Number:** 47-2304449                     **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

MARDER, YAAKOV D
600 NE 36TH ST
1717
MIAMI, FL 33137 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: **YAAKOV D MARDER**                                              03/19/2020

 Electronic Signature of Registered Agent                                    Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MGR |
| Name | MARDER, YAAKOV D |
| Address | 600 NE 36TH ST 1717 |
| City-State-Zip: | MIAMI FL 33137 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: YAAKOV MARDER                      MGR                    03/19/2020

 Electronic Signature of Signing Authorized Person(s) Detail                   Date

# COVER LETTER

TO:   Registration Section
        Division of Corporations

SUBJECT:   *Marder-White Enterprises LLC*
_____
Name of Limited Liability Company

The enclosed Articles of Amendment and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:

*Yaakov Marder*
_____
Name of Person

*Carpet Care Miami*
_____
Firm/Company

*1746 Meridian Ave #71*
_____
Address

*Miami Beach, FL 33139*
_____
City/State and Zip Code

*carpet care miami @ gmail.com*
_____
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

*Yaakov Marder*                    at ( *305* ) *522 - 5849*
_____
Name of Person                        Area Code & Daytime Telephone Number

Enclosed is a check for the following amount:

☑ $25.00 Filing Fee      ☐ $30.00 Filing Fee &      ☐ $55.00 Filing Fee &      ☐ $60.00 Filing Fee,
                                Certificate of Status         Certified Copy                Certificate of Status &
                                                                      (additional copy is enclosed)    Certified Copy
                                                                                                              (additional copy is enclosed)

**MAILING ADDRESS:**                              **STREET/COURIER ADDRESS:**
Registration Section                                    Registration Section
Division of Corporations                              Division of Corporations
P.O. Box 6327                                              Clifton Building
Tallahassee, FL 32314                                 2661 Executive Center Circle
                                                                  Tallahassee, FL 32301

# Electronic Articles of Organization
## For
# Florida Limited Liability Company

L14000174893
FILED 8:00 AM
November 12, 2014
Sec. Of State
tburch

## Article I

The name of the Limited Liability Company is:

YM VENTURES LLC

## Article II

The street address of the principal office of the Limited Liability Company is:

1790 S TREASURE DR
4B
NORTH BAY VILLAGE, FL. US  33141

The mailing address of the Limited Liability Company is:

1790 S TREASURE DR
4B
NORTH BAY VILLAGE, FL. US  33141

## Article III

The name and Florida street address of the registered agent is:

YAAKOV D MARDER
1790 S TREASURE DR
4B
NORTH BAY VILLAGE, FL.   33141

Having been named as registered agent and to accept service of process for the above stated limited
liability company at the place designated in this certificate, I hereby accept the appointment as registered
agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes
relating to the proper and complete performance of my duties, and I am familiar with and accept the
obligations of my position as registered agent.

Registered Agent Signature:   YAAKOV D MARDER

# Exhibit D

# YM Ventures LLC

101 Crawfords Corner Road, Holmdel, New Jersey 07733, United States

3055225849

Info@ymventures.net

## Hours

Open today  09:00 am – 05:00 pm  ⌄

Copyright © 2020 YM Ventures - All Rights Reserved.

SBA Programs



Try Premium Free
for 1 Month

**Tony, complete these steps to get the most out of LinkedIn:**

Promoted

New Start Scholarship
Millions in scholarships. Earn your
teaching degree online. Apply free!

Hope is alive and well.
We're awarding up to $1 million in new
scholarships this month! Learn more

Economic Nexus
We work with many supplement
companies for state registrations.

When did you start working at Tax?

| Month | Year |

Save

**Congratulations Christy**

Christy was recently promoted.

---

People ▾    YM Ventures    ( Connections ▾ )    ( Locations ▾ )    All Filters    Clear ↻

Hope is alive and well. - We're awarding up to $1 million in new scholarships this month! Learn more   Ad  •••

12 results

**Abe Klugmann** • 2nd
Co-Founder at Apple Funding Group
Greater New York City Area

( Follow )

☒ Provides services - Financial Advisory, Financial Analysis, Wealth Management, Commercial Lending

---

**LinkedIn Member**
Owner, YM Ventures, Inc.
San Francisco Bay Area

---

**Ezra Abadi** • 2nd
Finance Specialist at YM Ventures
Greater New York City Area

( Connect )

---

**Aryeh Karp** • 3rd
--
United States

( Connect )

---

**Jake Marder** • 3rd 🔲
Owner at YM Ventures LLC
Greater New York City Area

( 🔒 Message )

☒ Provides services - Financial Advisory, Business Consulting, Loans

---

**Ezra Waknin** • 2nd
Funding Specialist at YM Ventures
Lakewood, New Jersey, United States

( Connect )

---

**Alex Tetro** • 3rd
Data Analyst
Greater New York City Area

( Connect )

---

**jacob mandel** • 3rd
CASH ADVANCE at YM Ventures
Greater New York City Area

( Connect )

---

**Aryeh Bimhack** • 3rd
Director of Sales Operations.
New York City Metropolitan Area

( Connect )

---

**Yehoshua Waknin** • 3rd
Financial Analyst
Greater New York City Area

( 🔒 Message )

---

Are these search results helpful?

Messaging    ☑  •••  ⌃

 

2  20+





# YM Ventures

@ymventuresfunding · Local Business

■ Call Now

Home    Reviews    More ▦          ▦ **Like**    ▦ **Message**    ▦    ▦

## About                                          See All

▦  101 Crawfords Corner Road,
    Holmdel, NJ 07733 New York,
    NY

▦

▦  Working Capital Solutions

▦  22 people like this

▦  23 people follow this

▦  http://ymventures.net/



Court Name: USDC California Southern
Division: 3
Receipt Number: CAS126939
Cashier ID: asepulve
Transaction Date: 01/15/2021
Payer Name: COLLETTE STARK
--------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: COLLETTE STARK
 Case/Party: D-CAS-3-21-CV-000090-AJB
 Amount:      $402.00
--------------------------------
CHECK
 Check/Money Order Num: 5197
 Amt Tendered:  $402.00
--------------------------------
Total Due:      $402.00
Total Tendered: $402.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.